UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARK M. DJEKICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    2:22CV239-PPS/APR |
| | ) |
| MAGISTRATE KRISTEN MULLIGAN, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Mark Djekich has filed a complaint expressing his opposition to proceedings in the Juvenile Court of Porter County, Indiana, in which the Indiana Department of Child Services sought to compel Djekich's cooperation in an investigation into anonymous complaints concerning the welfare of his children. Because Djekich wants to file the case without paying the customary filing fee [DE 2], the complaint is subject to review and potential dismissal if on its face it lacks merit. Pursuant to 28 U.S.C. §1915(e)(2)(B), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .(B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Djekich's complaint is subject to dismissal because it seeks relief that cannot be granted by this court.[1]

---

[1] The motion to proceed without prepayment of the filing fee [DE 2] will also be denied because the financial information Djekich provides indicates that his income exceeds the poverty threshold the court applies to *in forma pauperis* filing. [*See* https://www.uscourts.gov/sites/default/files/poverty-guidelines.pdf (150% of the HHS Poverty Guidelines for 2022).]

The complaint itself is skeletal. The Statement of Claim alleges that Djekich's ex-girlfriend is making false allegations to Child Protective Services and that Magistrate Mulligan of the Porter County Juvenile Court "decided that US Supreme Court, District Court precedents do not pertain to the State of Indiana." [DE 1 at 5.] The relief sought is that this court "issue an injunction or stay against Porter County Juvenile Court Case #64C01-2207-JM-571." [*Id.*] What Djekich wants is something federal law expressly prohibits a federal court from doing. The Anti-Injunction Act, 28 U.S.C. §2283, provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." None of the three exceptions is shown to apply. Another well-established rule defeats Djekich's appeal to this court for assistance. Under what is called the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction to hear claims seeking review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). *See also Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002) ("No matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment.")

Djekich makes an understandable error in thinking that a federal court has authority to step in to address alleged errors by a state court involving federal law or the Constitution, but that is not the case. The policy that has been adopted instead is for a more orderly process of appeal through the higher levels of state court, and ultimately to the United States Supreme Court if permitted. "The Anti-Injunction Act recognizes the

2

'fundamental constitutional independence of the States and their courts,' and, accordingly, is aimed at ensuring that the dual court systems avoid 'needless friction.'" *Archer v. Chisholm*, 870 F.3d 603, 621 (7th Cir. 2017), quoting *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 286-87 (1970).  The Supreme Court has said that the Act's purpose is to allow state court proceedings to "continue unimpaired by intervention of the lower federal courts."  *Atl. Coast Line*, 398 U.S. at 287.

The standard of review under §1915(e)(2)(B) borrows from Fed.R.Civ.P. 12(b)(6), which authorizes a motion challenging the sufficiency of a complaint "to state a claim upon which relief can be granted."  The Supreme Court interpreted the Rule 12(b)(6) pleading standard in the cases of *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).  Djekich's complaint is based on allegations which make clear that the relief he seeks cannot be granted by this court.  As a result, the complaint is subject to dismissal without prejudice to Djekich's claims of error being asserted within the Indiana court system in an appropriate appeal of the Juvenile Court decision he challenges.

**ACCORDINGLY:**

Mark M. Djekich's Motion to Proceed In Forma Pauperis [DE 2] is DENIED.

The case is DISMISSED WITHOUT PREJUDICE  pursuant to 18 U.S.C. §1915(e)(2)(B) because it fails to state a claim on which relief can be granted.

**SO ORDERED**.

ENTERED: August 22, 2022.              /s/ Philip P. Simon
                                       UNITED STATES DISTRICT JUDGE